is that plaintiff is basically a "chip-on-the-shoulder" employee

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2313 | **DATE** | 1/11/2012 |
| **CASE TITLE** | Sharon Hoselton vs. North Chicago School Dist. 187 | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [11] is denied. A status hearing is set for Wednesday, January 25, 2012 at 2:30 pm. The parties should submit to chambers the day before the hearing a proposed preliminary pretrial scheduling order.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

    This is a race and age discrimination case. Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff Sharon Hoselton alleges that she started working as a full-time third grade school teacher for the defendant, the North Chicago School District 187, beginning in 2005. She worked at the South School. In 2009, she was laid off but in July of the same year she was recalled to work. Although there was a vacant position at South School teaching third grade, plaintiff was reassigned to the Hart School teaching fifth grade. Other teachers who were younger, African American, and allegedly less qualified than plaintiff, were recalled to the South School to teach third grade. Several of them had only one year of teaching experience whereas plaintiff had four and a half years. Plaintiff complained about this reassignment. She alleges that as a result, the defendant retaliated against her by denying her request to teach summer school in 2010.

    The key issue in this motion to dismiss is whether plaintiff's reassignment to the Hart School caused a material adverse change in her job. Plaintiff alleges that the conditions at the Hart School were much worse than at South School. For example, the school had broken walls and windows, out-of-date electronics and supplies, buckling floors, improper heating, and carpeting that gave off a foul odor. It was located in an area that had more crime, vandalism, thefts, and shootings. Plaintiff was afraid she would be mugged going to and from the parking lot. The complaint, which is 20 pages, describes these alleged shortcomings in more detail. Plaintiff also claims that the reassignment hurt her financially. She lost approximately $1,000 in tutoring income, which was available at the South School but not at the Hart School. She incurred out-of-pocket expenses of approximately $400 to purchase school supplies and had to pay $50 a month to store her third grade lesson plans and teaching materials. She further alleges that the stress of teaching fifth grade at the new school made her physically and emotionally ill which caused her to take short-term disability leave for eight months thereby reducing her income. Finally, she alleges that the defendant knew when it reassigned her that the Hart School would be closing soon and that plaintiff therefore would be laid off. She is asserting four claims: (I) a Title VII claim for race discrimination; (ii) a claim under the Age Discrimination in

Employment Act ; (iii) a Section 1981 claim; and (iv) a claim for violation of the Illinois Human Rights Act.

The defendant makes two main arguments for dismissing the complaint under Rule 12(b)(6). The first, which is the one most discussed in the briefs, is that plaintiff cannot satisfy the requirement (which applies to all four claims) of showing that the reassignment to Hart School was a material adverse action. It is undisputed that plaintiff's base salary did not change and that she held the same general job (elementary school teacher) at both schools, although she did have to teach a new grade (fifth rather than third). Defendant argues that the allegedly inferior conditions are trivial and not enough to meet the materiality threshold.

In their briefs, both parties base their analysis on *Nichols v. Southern Ill. University-Edwardsville*, 510 F.3d 772 (7th Cir. 2007). In that case, the Seventh Circuit, summarizing the law from earlier decisions, stated that "not everything that makes an employee unhappy is an adverse action" and that minor and trivial actions from "an irritable, chip-on-the-shoulder employee" are not enough. *Id.* at 780. The Seventh Circuit further stated that there are three categories of actionable material adverse actions:

> (1) cases in which the employee's compensation, fringe benefits, or other financial terms of employment are diminished, including termination; (2) cases in which a nominally lateral transfer with no change in financial terms significantly reduces the employee's career prospects by preventing her from using her skills and experience, so that the skills are likely to atrophy and her career is likely to be stunted; and (3) cases in which the employee is not moved to a different job or the skill requirements of her present job altered, but the conditions in which she works are changed in a way that subjects her to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in her workplace environment.

*Id.* (citing earlier cases). The defendant argues plaintiff's allegations as a matter of law do not fall within any of these three categories. More generally, however, defendant portrays plaintiff as a chip-on-the-shoulder employee complaining about trivial matters such the fact that the new school only had chalkboards instead of dry erase boards. As for the problems with the building, defendant asserts that they were "nothing more than general maintenance issues that are bound to exist in public buildings." (Def. Reply at 6.) Defendant also points out that, although plaintiff claims she was afraid of being mugged, she does not allege that she in fact was ever mugged.

Although these arguments may prove successful on a motion for summary judgment, they are premature on a motion to dismiss because they are essentially fact questions in disguise. As the Supreme Court stated in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), context is important in determining whether a particular adverse action is material, and the inquiry will "often depend upon the particular circumstances." *Id.* at 69. Here, the defendant is basically claiming that the conditions at the Hart School, while perhaps not as good as the South School, were not dramatically different. Plaintiff is suggesting they were. This is the type of fact question that is best resolved after discovery. In fact, the three Seventh Circuit cases cited by defendant in its opening brief to support its argument -- *Nichols*, *Antonetti*, and *Flaherty* – were all decided on a motion for summary judgment and not on a motion to dismiss. At this point, it is difficult to assess the totality of plaintiff's case based solely on the current allegations in the complaint. While defendant may be right that certain allegations, such as the one about a chalkboard versus a dry erase board, will be considered too trivial standing alone, we must give the plaintiff the benefit of the doubt at this stage of the litigation, and we also must assess the totality of her allegations. Again, defendant's argument rests mostly on embedded fact questions. For example, it suggests plaintiff's fear of being mugged was subjective and perhaps irrational. But this conclusion is not clear from the current complaint. Discovery can uncover whether her views are objectively supported. Moreover, just because she was not actually mugged does not mean that her fear was unreasonable. Similarly, defendant's claim that the building problems were merely general maintenance issues not uncommon to public buildings is essentially a fact question requiring

| STATEMENT |
|---|
| a closer examination of the conditions both of the Hart School and the South School. Defendant's argument might well prove persuasive at the end of the day, but we cannot make an absolute, case-ending judgment now based on allegations under a system of notice pleading. In sum, we are not persuaded by defendant's general argument and we also find that plaintiff's allegations, taken as true and given the benefit of the doubt, satisfy the *Nichols* test set forth above.<br><br>    Defendant's other argument in its opening brief is that plaintiff has failed to make a claim of retaliation under Title VII. Specifically, defendant argues that plaintiff makes no allegations that she was meeting the school board's legitimate expectations or that she was treated less favorably than similarly situated employees. We disagree. The complaint does make such allegations, in several places. *See, e.g.* ¶¶ 8, 26, 86. This is enough on a motion to dismiss. Whether an employee was meeting legitimate expectations typically is a fact question requiring a broader assessment of the employee's work history and performance evaluations (among other things). Defendant will be able to raise these arguments again (if appropriate) on a motion for summary judgment at which time this Court will have the benefit of a more fully developed factual record. |